Dear Mr. Lafleur:
You have requested an opinion of this office on the following question: May the director of the Evangeline Community Action Agency, Inc. run for and then if elected hold the position of police juror for Evangeline Parish?
The pertinent statutory language is found in La. R.S. 42:63D and La. R.S. 64(A)(6):
 La. R.S. 42:63(D) provides in part: D. . . . No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office.
 La. R.S. 42:64(A)(6) provides in part: A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain . . .
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
From information supplied in the opinion request it was stated that the Evangeline Community Action Agency, Inc. is a private, non-profit organization. It is therefore not a part of a political subdivision hence there is no possible violation of the dual office holding/employment prohibition found in La. R.S.42:63(D).
In regards to La. R.S. 42:64(A)(6) it is the opinion of this office that if the police jury of Evangeline Parish either transfers or donates funds to this organization or directs the organization on how to spend state funds, then simultaneously holding employment with the organization as a salaried executive director while also serving as a police juror would constitute incompatible "offices". The reasoning is that the police jury is allocating or transferring funds to an entity run by a member of the police jury.
From my research into the facts the Evangeline Parish Police Jury is transferring/donating funds to the Evangeline Community Action Agency, Inc.
Nothing prevents the executive director from running for police juror but if elected he should relinquish his position with the Evangeline Community Action Agency, Inc., so there will be no violation of La. R.S. 42:64(A)(6).
If this office may be of any further assistance, please feel free to call on us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT L. COCO Staff Attorney
RPI/RC/mnt